UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

MARK A. CHABAN,   Case No. 15-cv-12361

　　Debtor-Appellant.   HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER AFFIRMING THE BANKRUPTCY COURT'S DECISION AND
DENYING APPELLEE'S MOTION TO DISMISS AS MOOT** (document no. 9)

For the fourth time in ten months, Debtor-Appellant Mark Chaban ("Chaban") appeals to the Court from a decision of the Bankruptcy Court for the Eastern District of Michigan. The Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a), and reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re AMC Mortg. Co.*, 213 F.3d 917, 920 (6th Cir. 2000). For the reasons set forth below, the Court affirms the bankruptcy court's decision.

## BACKGROUND

The present matter arises out of a years long dispute over attorney fees and a sanctions judgment. In December 2010, Mark Chaban, P.C. ("MCPC") (Chaban's law firm entity), Tindall & Co., P.C. ("TCPC") (a law firm entity of Michael Tindall ("Tindall")), and another party brought a fraudulent transfer action in state court ("UFTA Action") against various defendants, all of whom were represented by attorney Fred Freeman ("Freeman"). The state court dismissed the case, granted the defendants' motion for sanctions, and scheduled a hearing to address the amount of sanctions ("Trial Court Order"). Before the date of the hearing, the plaintiffs appealed the Trial Court Order to the Michigan Court of

Appeals, which affirmed the order ("Court of Appeals Opinion"), stating that the plaintiffs' "primary purpose in initiating this UFTA action was to harass, embarrass, and injure defendants" and that plaintiffs' filings "were for the purposes of harassment, to cause unnecessary delay, and to cause defendants to incur substantial legal fees defending against these improper claims." *Chaban v. Rathore*, No. 308326, 2013 WL 6124250, at *14 (Mich. Ct. App. Nov. 21, 2013). On remand, the trial court conducted the hearing and issued a sanctions judgment of $77,511.22 against MCPC and TCPC, and Chaban and Tindall as individuals ("Sanctions Judgment"). Opinion & Order, Ex. C, ECF No. 15-1.

Chaban filed a personal Chapter 7 bankruptcy petition and an adversary case was filed by (1) Freeman in his capacity as assignee of UFTA Action judgment creditors Doaba Truck Stop, Inc. ("Doaba") and its sole owner, Ishtadev Rathore ("Ishtadev"), and (2) Ishtadev's wife and daughter — Harminder Rathore ("Harminder") and Gurnoor Rathore ("Gurnoor") — both of whom are UFTA Action judgment creditors (collectively, "Plaintiffs"). Plaintiffs asked for a determination that the Sanctions Judgment was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6); denial of discharge under 11 U.S.C. § 727; and relief from the automatic stay under Federal Rule of Bankruptcy Procedure (FRBP) 4001. Compl. 1, No. 14-05126, ECF No. 1. Chaban filed counterclaims seeking money damages and a declaratory judgment for a violation of due process. Am. Counter., *Id.*, ECF No. 19.

The bankruptcy court granted Plaintiffs' motions for summary judgment (1) as to the 11 U.S.C. § 523(a)(6) claim only, finding that the Sanctions Judgment was non-dischargeable, Opinion & Order, *Id.*, ECF Nos. 88, 90; and (2) as to Chaban's counter complaint, dismissing it without prejudice. Opinion & Order, *Id.*, ECF Nos. 87, 89.

The present appeal of both orders followed.

**DISCUSSION**

On appeal, Chaban first argues that the bankruptcy court lacked jurisdiction to conduct a non-dischargeability action because Freeman is not one of Chaban's creditors. Appellant's Br. 3–5, ECF No. 13. To the amended complaint, Freeman attached two assignment documents providing that Doaba and Ishtadev unconditionally assigned to Freeman all their interests in the state court judgment. Assignments, No 14-05126, ECF No. 1-1. Chaban argues that these are merely collateral assignments serving as security for payment of Freeman's attorney fees, and are insufficient to establish Freeman's standing as a creditor; instead, they render Freeman a "secured creditor" because by their terms, the assignments require Freeman to "immediately pay to [Doaba/Ishtadev] any money collected from Michael Tindall or Mark Chaban or their professional corporations, plaintiffs herein, any funds received which exceeds the outstanding balance on his bill for any and all legal fees incurred by [Doaba/Ishtadev]." Assignments, *Id.*, ECF No. 1-1; Appellant's Br. 3–5, ECF No. 13. The Court disagrees. Here, the assignments explicitly state that Doaba and Ishtadev each unconditionally assigned to Freeman all their interest in the judgment issued against Chaban, the consideration for which was their indebtedness to Freeman for the legal services he provided. Accordingly, the bankruptcy court properly found that Freeman had standing to prosecute the adversary proceeding. *See* Opinion & Order, No 14-05126, ECF Nos. 77, 78.

Second, Chaban argues that the assignments to which Freeman lays claim are void and unenforceable because they violated the Michigan Rules of Professional Conduct 1.8(a) and 1.8(j). Appellant's Br. 5–11, ECF No. 13. Under Rule 1.8(a), "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership,

possessory, security, or other pecuniary interest adverse to a client." MI R MRPC 1.8(a). Under Rule 1.8(j), "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." MI R MRPC 1.8(j). But here, Rules 1.8(a) and 1.8(j) are inapposite. The attorney-client relationship ceased to exist when Ishtadev and Doaba consented in writing to unconditionally assign Freeman all their interests in the state court judgment and the subsequent collection efforts. And the potential for a conflict of interest[1] or a decision adverse to Ishtadev and Doaba is inconsistent with the assignment itself: they assigned interest in a judgment that would have reduced the attorney fees they owed to Freeman from the state court proceedings.

Third, Chaban argues that summary judgment should not have been granted on collateral estoppel grounds because collateral estoppel was not argued in the briefs, and even if it were argued, it would necessarily fail because he was neither a party to the state court case, nor participated as an attorney. Appellant's Br. 11–12, ECF No. 13. Even if they failed to explicitly mention "collateral estoppel" in their motion, Plaintiffs properly argued that Chaban "is not entitled to once again litigate an issue in which he failed to prevail" in the trial and appellate state courts. Mot. Summ. J. 14, No. 14-05126, ECF No. 21; *see In re Livingston*, 372 F. App'x 613, 620 (6th Cir. 2010) ("The bankruptcy court properly relied upon the decision of the Michigan Court of Appeals in applying collateral estoppel."). Under Michigan law, the first requirement of collateral estoppel is that there be "identity of parties across the proceedings." *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001).

---

[1] Indeed, the bankruptcy court granted Freeman's unopposed motion for withdrawal as Harminder and Gurnoor's attorney when it suggested that maintaining their representation could create a conflict of interest. Appellee's Br. 22, ECF No. 15.

4

Chaban's argument is meritless because Chaban served as an attorney of record for the plaintiffs-appellants in the state court proceedings[2], his law firm entity — MCPC — was a party plaintiff, and Chaban's personal involvement and reprehensible conduct in the case led the court to issue the Sanctions Judgment against him personally.

Fourth, Chaban attacks the validity of the summary judgment ruling by arguing that the court failed to make all inferences in favor of Chaban, the court failed to presume the debt to be dischargeable under 11 U.S.C. § 523, and Freeman did not meet his burden under Rule 56. Appellant's Br. 12–25, ECF No. 13. But Chaban's arguments are premised on the erroneous claim that he was neither a party to, nor participated in, the state court proceedings. *Id.* at 18, 23–24. As explained above, Chaban *was* involved in the proceedings. The state court therefore maintained its authority to sanction Chaban for that involvement.

Alternatively, Chaban challenges Plaintiffs' claim that the Court of Appeals Opinion was a final order under Michigan law, and argues that the Court of Appeals lacked jurisdiction to hear the appeal of the Trial Court Order because that order did not determine the sanctions amount, and therefore was not a final order. *Id.* at 18–20. But in making the

---

[2] *See* Opinion & Order 5, No. 14-05126, ECF 1-1 ("Chaban is listed as an attorney of record (secondary attorney) representing both Mark Chaban, P.C. and Tindall & Co., P.C."); *Chaban v. Rathore*, No. 308326, 2013 WL 6124250, at *7 (Mich. Ct. App. Nov. 21, 2013) ("The trial court held, first, that attorneys Chaban and Tindall continued to file pleadings on behalf of plaintiffs in violation of the court's order holding that they were disqualified."). The Court also notes a motion filed in Chaban's Chapter 7 bankruptcy petition on behalf of MCPC in which he states that he "was a party to Macomb County Case No. 10-5280 CZ on the date of the Petition, March 22, 2013 involving Ishtadev Rathore" but was "dismissed from the state court case on January 10, 2012." Mot. 1, No. 13-45710, ECF No. 39. The bankruptcy court held a hearing for the motion and denied the motion soon thereafter. Order, *Id.*, ECF No. 66.

5

argument, Chaban conflates the Court of Appeals Opinion with the Trial Court Order and misapplies Michigan law relevant to the issue. Indeed, "an order that merely grants the imposition of sanctions is not a 'final order' if the amount of fees and costs remains to be determined," and the Court of Appeals has jurisdiction to consider it. *John J. Fannon Co. v. Fannon Products, LLC*, 269 Mich. App. 162, 166 (2005). *Fannon Products* applies because there, as here, the trial court's grant of sanctions did not determine the amount. Here, the amount was determined in the Sanctions Judgment on remand.

Finally, Chaban asserts that the bankruptcy court erred in denying his motion for summary judgment and dismissing his counterclaims. Specifically, he contends that the court wrongly determined that his counterclaim was a pre-petition asset of the bankrupt estate instead of a post-petition asset. Appellant's Br. 25–26, ECF No. 13. But as the bankruptcy court explained, "[a]s long as the facts forming the basis for the cause of action occurred prior to the filing (which they did) and any cognizable injury had by then been suffered (which it had) the causes of action arising out of those facts became property of the bankruptcy estate under the very expansively interpreted provisions of [11 U.S.C.] § 541." Order 3, No. 14-05126, ECF No. 87. Accordingly, the Court rejects all of Chaban's arguments as completely unmeritorious, and will dismiss his appeal.

## CONCLUSION

It has been more than five years since Chaban and Tindall first filed their state court complaint. The instant appeal to the Court is Chaban's fourth in ten months[3] and his fifth

---

[3] On October 23, 2014, the bankruptcy court found that the sanctions for vexatious appeals issued against Chaban by the state court in a separate case fell under an exception to the automatic stay of actions. The Court affirmed that decision. *In re Chaban*, No. 14-14559, 2015 WL 5026079 (E.D. Mich. Aug. 25, 2015), *appeal filed*, No. 15-2148

in the United States District Court for the Eastern District of Michigan.[4] The amount of judicial time and resources wasted by Chaban's vexatious litigation[5] and the negative toll

---

(6th Cir. filed Sept. 25, 2015).

On October 20, 2014, a non-party creditor filed an adversary case against Chaban for determination that the debt Chaban owed him was non-dischargeable under 11 U.S.C. § 523. Compl., No. 14-05100, ECF No. 1. While the Court was considering Chaban's appeal in No. 14-14559, the bankruptcy court declared the state court sanctions to be non-dischargeable. The Court affirmed that decision. Order, No. 15-11879, ECF No. 8.

On July 23, 2015, Chaban moved for sanctions against Freeman under FRBP 9011. Mot., No. 14-05126, ECF No. 53. The bankruptcy court denied the motion without prejudice pending the outcome of the instant appeal, Order, *Id.*, ECF No. 111, and Chaban appealed the decision to the Court. Not. of Appeal, No. 15-13383, ECF No. 1.

[4] On November 4, 2011, Chaban filed an involuntary bankruptcy case against UFTA Action defendants Ishtadev and Harminder. Petition, No. 11-68741, ECF No. 1. On November 29, 2011, the bankruptcy court held a hearing on the pending motion to dismiss at which Chaban failed to appear. A day later, the court dismissed the case, lifted the automatic stay, and ordered Chaban to pay attorney Fred Freeman $500.00 in costs. Order 1, No. 11-68741, ECF No. 21. Chaban objected to the court's dismissal, moved to stay the case pending appeal, and moved to set aside the dismissal and reopen the case, all of which the court rejected. Orders, *Id.*, ECF Nos. 22, 52, 53. Chaban appealed the order to the district court, which dismissed the appeal (1) on res judicata grounds because "the underlying creditor claims should have been litigated in the previous action between the parties"; and (2) because "Michigan's compulsory joinder rule required [Chaban] to bring these claims against Appellees in the UFTA Action." *In re Rathore*, No. 12-10100, 2012 WL 2131133, at *4 (E.D. Mich. June 12, 2012).

[5] For example, Chaban has unsuccessfully tried to use a bankruptcy adversary case as a vehicle for removing the UFTA action from state court. On July 2, 2012 — after the Trial Court Order was issued and allegedly one day before the scheduled sanctions hearing — Tindall filed for Chapter 11 bankruptcy on behalf of TCPC. Ch. 11 Vol. Petition, No. 12-55836, ECF No. 1; Appellee's Brief 12, ECF No. 15. Creditors Ishtadev and Doaba moved for abstention under 11 U.S.C. § 305 and Chaban, appearing on behalf of Tindall and TCPC, opposed the motion. Motions, *Id.*, ECF Nos. 16, 30. The bankruptcy court dismissed the case for TCPC's failure to comply with the court's order to file initial schedules. Order, *Id.*, ECF No. 50. Chaban filed an adversary case attempting to remove the UFTA Action to the bankruptcy court but the court abstained and remanded the case to state court. Order, No. 12-05359, ECF No. 7. On September 3, 2014, Chaban filed an adversary case attempting to remove the UFTA Action to the bankruptcy court, but the court abstained and remanded the case to state court. Order, No. 14-04946, ECF No. 21.

that it has taken on the parties to Chaban's harassment is an abuse of the judicial system. The Court reiterates its November 3, 2015 order in Case No. 15-11879, pursuant to which Chaban is "barred from filing further appeals from the bankruptcy court without the express prior approval of the Court," Order 3, No. 15-11879, ECF No. 10, and reminds Chaban that failure to comply with this order will likely result in a finding of contempt.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the bankruptcy court decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellee's Motion to Dismiss (document no. 9) is **DENIED AS MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager